DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO.  1:06 CR 149 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
| | ) | FACTORS SET FORTH IN 18: U.S.C. |
| Charlene McFrazier | ) | §3553(a) |
| | ) | |
| Defendant. | ) | |

Introduction

Prior to considering the sentencing factors of 18 U.S.C. § 3553(a), the Court determined that the offense level for the defendant is 12 with a criminal history category I leading to an advisory sentencing range of 10 to 16 months, Zone C.

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

**(1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The offense conduct is summarized in paragraphs 11 through 14 of the presentence report which states as follows:

(1:06 CR 149)

        The defendant was aware of an investigation in the connection with the death of Dr. Gulam Moonda in Cuyahoga County, Ohio on the evening of May 13, 2005.  She was also aware that Damian Bradford was a suspect in Dr. Moonda'a death.

        During interviews with the Ohio State Highway Patrol, the defendant advised investigators that she was with Damian Bradford in Beaver County, Pennsylvania, on the date and time of Dr. Moonda's murder.

        On March 1, 2006, the defendant testified under oath in a proceeding before a federal grand jury investigating the death of Dr. Moonda.  During her testimony, she testified under oath that she met with Damian Bradford in Beaver County, Pennsylvania, on May 13, 2005 between 6:00 p.m. and 7:00 p.m., a fact material to the investigation.

        The United States can prove that Damian Bradford was in the Northern District of Ohio during the evening hours of May 13, 2005.  She knew that she did not meet with Damian Bradford on that date and at that time and that her testimony was false with regards to Damian Bradford's whereabouts.

The defendant submitted a type-written statement in support of acceptance of responsibility in which she stated as follows:

        *"I have known Damian Bradford for a number of years. We are involved in a relationship.  Damian Bradford became involved in a relationship with a Mrs. Moonda.  In May of 2005, Mrs. Moonda's husband was killed and Damian Bradford was s* [sic] *suspect.  I was contacted by Pennsylvania state Police as well as the Ohio State Highway Patrol on a least two (2) occasions.  I made a statement that I believe to be true that on the evening of May 13, 2005, I knew Damian Bradford was in Pennsylvania and I believe that it was on the date of the murder between the hours of 6:00 and 7:00 p.m.*

        *"That statement was mistaken and false when in fact I did speak with Damian Bradford and Damian Bradford was in the Beaver County Pennsylvania area on May 14, 2005 and not May 13, 2005.*

(1:06 CR 149)

> *"I testified under oath in a proceeding before the Federal Grand Jury investigating the death of Mr. Moonda that I am sure that I met Damian Bradford on May 13, 2005 between 6:00 p.m. and 7:00 p.m. when in fact that statement was false.  I accept full responsibility for my actions."*

The defendant was initially released on bond at her arraignment, but she subsequently violated a condition of her bond in that she had communications by telephone with Damian Bradford while he was confined under an order of detention at the Trumbull County Jail.  As a consequence, the Court revoked her bond and she has been in custody since the 9th day of June, 2006.  The Court considered whether to add two levels for the obstruction of justice as left to the Court's discretion in paragraph 23 of the presentence report.  The Court concluded, after considering the content of the phone conversations played for the Court at the time the Court revoked the defendant's bond, that the communications that the defendant had with Damian Bradford were not in any way intended to interfere with the government's prosecution of Damian Bradford for the killing of Mrs. Moonda's husband.  Consequently, the Court did not impose a  two level increase in the calculation of the total offense level.

The defendant is a high school graduate.  She received an Associate's Degree in Medical Assistance in the year 2003.  In 2005, she attended Duff's Business Institute where she received a diplomacy in Pharmacy Technician.

The defendant is 22.  She is the only child born of a relationship that did not result in marriage and the defendant contends that she has never met her father.  She was raised by her grandmother due to her mother's drug problem.  The defendant as never married and has no children but she reports that she has been in a five year relationship with Damian Bradford.

(1:06 CR 149)

The defendant has a history of marijuana use.

The defendant has an employment history indicating that she has always been employed and most recently as a pharmacy technician.  The defendant wishes to remain in the health care field.

### (2)   The Need for the Sentence Imposed

(A) to reflect the seriousness of the offense, to promote respect for
the law, and to provide just punishment for the offense;

Perjury before a grand jury is a serious offense.  However, in this case the defendant has accepted responsibility for her conduct.  The Court is of the view that a sentence within the sentencing guideline range will reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense.

### (B)  to afford adequate deterrence to criminal conduct;

This case and the related prosecution of Damian Bradford and the subsequent indictment of Mrs. Moonda for having aiding and abetted Damian Bradford in the interstate stalking and subsequent killing of Dr. Moonda has attracted widespread publicity, both in Pennsylvania and in  Ohio and a sentence of incarceration will probably receive considerable publicity and will afford adequate deterrence to those persons contemplating committing perjury before a grand jury.

### (C)  to protect the public from further crimes of the defendant;

The defendant's conduct in this case appears to be an aberration.  She has devoted herself to obtaining an education beyond high school and is committed to employment.  The Court is of

4

(1:06 CR 149)

the view that a sentence of five months in custody and five months in home detention with

electronic monitoring will provide protection to the public from further crimes of the defendant.

>**(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The defendant is not in need of obtaining educational or vocational training.  However,

she does need a serious commitment to avoid further use of marijuana and a period of supervised

release, including drug testing, should assist the defendant in changing her lifestyle as it pertains

to drug use.

## CONCLUSION

The defendant is 22 years of age with no prior criminal record.  She suffered from the

lack of a father and a dysfunctional mother.  In spite of that, she has obtained a high school

degree, additional education and has enjoyed employment.  The Court is of the view that her

conduct is aberrational and consequently a sentence of five months in custody and five months in

home detention with electronic monitoring is a sentence sufficient, but not greater than

necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

 September 1, 2006                               /s/ David D. Dowd, Jr.
Date                                                 David D. Dowd, Jr.
                                                     U.S. District Judge

5